**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOSEPH J. SILVA, JR., individually and on behalf of all others similarly-situated

                  Plaintiffs,

v.

CALL-A-HEAD CORP., and CHARLES W. HOWARD, in his individual and corporate capacities,

                  Defendants.

No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Joseph J. Silva, Jr. ("Plaintiff" or "Mr. Silva"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendants Call-A-Head Corp. (the "Company" or "Call-A-Head") and Charles W. Howard ("Howard") (collectively, "Defendants") allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1. This is a collective action brought by Plaintiffs, "Account Executives" employed by Defendants, on their own behalf and on behalf of the proposed classes identified below, against Defendants for failure to pay Plaintiffs and the members of the proposed class in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and New York Labor Law ("NYLL").

2. Plaintiffs bring this collective and class action to recover (i) minimum wage and overtime compensation that Defendants failed to pay Plaintiffs and the members of the proposed

1

classes pursuant to the FLSA and NYLL; (ii) damages related to deductions taken by Defendants from Plaintiffs' wages in violation of NYLL § 193; and (iii) damages related to Defendants' failure to provide Plaintiffs with accurate wage statements and notices required by NYLL § 195. Mr. Silva also bring this action against Defendants on his own behalf for Defendants' retaliation against him in violation of NYLL § 215.

3. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendants as "Account Executives," or other similar job title(s), in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

6. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

7. Plaintiff Joseph J. Silva, Jr. resides in Queens County, New York. Mr. Silva was employed by Defendants from in or around July 2013 through July 25, 2016 as an Account Executive for Defendants' portable toilet leasing accounts in the greater New York City area. At all relevant times, Plaintiff Silva was an "employee" within the meaning of the FLSA and NYLL.

8. Defendant Call-A-Head Corp. is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at 304 Crossbay Boulevard, Broad Channel, New York 11693. At all relevant times, Defendant Call-A-Head Corp. was an "employer" within the meaning of the FLSA and NYLL.

9. Defendant Charles W. Howard resides in Queens County, New York. Upon information and belief, at all relevant times Defendant Howard is and has been the owner and Chief Executive Officer of Defendant Call-A-Head Corp., was in active control and management of the Company, and regulated the employment of persons employed by the Company, including Plaintiffs. At all relevant times, Defendant Howard was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by Defendants as Account Executives, or other similar job title(s) at any location operated by Defendants in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay the applicable minimum wage; and (ii) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek.

11. Defendants employed Plaintiff and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as non-exempt from the minimum wage and overtime requirements of the FLSA.

12. Defendants each meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much the FLSA Collective Action members are paid, maintain all-time records for the FLSA Collective Action members, assign and supervise all of

the tasks given to the FLSA Collective Action members, and maintain and exercise control as to how the FLSA Collective Action members are to perform their tasks.

13. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

14. However, at all times during the FLSA Collective Action period, Defendants failed to pay the Collective Action members overtime premiums for all hours worked in excess of 40 per workweek.

15. Defendants required Plaintiffs to routinely work in excess of 50 hours per workweek, but rarely, if ever, paid any wages or overtime premium at all for hours worked in excess of 43.5 hours per workweek.

16. Moreover, for the maximum of 3.5 hours in excess of 40 per workweek for which Defendants *did*, at times, pay an "overtime premium" rate, that "overtime premium rate" was less than 1.5 times Plaintiffs' applicable hourly rate under the FLSA.

17. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Action members.

18. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

19. There are, upon information and belief, more than 40 similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as Account Executives or other similar job title(s) at any location operated by Defendants in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay the applicable minimum wage; and (ii) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek (iii) taking deductions from Plaintiffs' earned wages in violation of NYLL § 193; and (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

21. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, (i) did not pay Plaintiffs or the New York Class any wages or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek; (ii) took deductions from Plaintiffs' earned wages based on Defendants' assessment of Plaintiffs' work performance and for other reasons and purposes prohibited by the NYLL; and (iii) failed to furnish correct and accurate wage statements required by the NYLL.

22. The facts as alleged in Paragraphs 11-19 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

23. Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class an accurate statement an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

24. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period,

Defendants employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

25. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL.

26. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

28. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

    c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    d. Whether Defendants took unlawful deductions from wages earned by members of the New York Class in violation of NYLL;

    e. Whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

      f.      Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

      g.      What the proper measure of damages sustained by the New York Class are; and

      h.      Whether Defendants' actions were "willful."

29. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

30. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

31. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

32.     As outlined above, Defendants employed Plaintiff Silva as an "Account Executive" from approximately July 2013 through July 25, 2016.

33.     As an Account Executive, Mr. Silva was responsible for contacting potential clients of Defendants by telephone to solicit leases from Defendants of portable toilets and toilet-trailers at construction sites and other venues in the greater New York City area.

34.     Mr. Silva and other Account Executives were also tasked with spending a portion of each workweek driving to construction sites and other venues of Defendants' potential clients to inform them of Defendants' services and to request contact information for Defendants to follow-up by phone in connection with Defendants' solicitation efforts.

35.     Mr. Silva and other Account Executives were also required to spend a portion of each workday fielding customer service-related inquiries and complaints from existing clients of Defendants.

36.     At all times during his employment, Defendants classified Mr. Silva as a non-exempt employee entitled to the protections of the FLSA and NYLL.

37.     Defendants compensated Mr. Silva on an hourly basis as well as through commission payments earned by securing leases for Defendants' portable toilets and toilet trailers.

38.     During most weeks of his employment, Defendants required Mr. Silva to work in excess of 40 hours per week.

39.     During the "summer" months – from approximately May through October of each year – Mr. Silva generally worked in excess of 50 hours per workweek.

40. During the remainder of the year, Mr. Silva generally worked approximately 43 hours per workweek.

41. Defendants at times compensated Mr. Silva at "overtime premium" rates for up to a maximum of 3.5 hours in excess of 40 hours that he worked each workweek — provided that such overtime hours had been formally scheduled in advance by Defendants. However, the "overtime premium" that Defendants paid for even that maximum of 3.5 hours per week was still *less* than 1.5 times Mr. Silva's applicable hourly rate of pay.

42. Defendants paid no wages at all for hours worked in excess of 43.5 per workweek, including the approximately 7 additional hours that Mr. Silva worked during most weeks from May through October each year.

43. Defendants also took deductions from Mr. Silva's earned wages for failing to satisfy certain performance measures imposed by Defendants. For example, Defendants routinely deducted portions of Mr. Silva's earned wages on a sliding scale based on the number of hours that Mr. Silva spent soliciting new customers by phone during each workweek.

44. On Friday, July 22, 2016 — after meeting or exceeding Defendants' legitimate expectations for his position during the preceding three years of his employment — Mr. Silva approached his immediate supervispr to inquire into the basis and justification for Defendants' routine deductions from his earned wages. Mr. Silva's supervisor responded that she was unable to explain the basis or justifications for such deductions, and informed Mr. Silva that he should address his inquiry to Defendant Howard, who was away from the office that day.

45. On Monday, July 25, 2016, Defendant Howard spoke to Mr. Silva in response to Mr. Silva's inquiry to his supervisor on July 22nd. Defendant Howard informed Mr. Silva that

he was terminating Mr. Silva's employment effective immediately because he no longer "trusted" Mr. Silva as a result of his inquiry and objection to Defendants' payroll practices.

### FIRST CAUSE OF ACTION
### (FLSA: Unpaid Minimum Wage)

46. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

47. As outlined above, during the relevant time period, Defendants' practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiffs and the members of the FLSA Collective Action by, among other things, failing to pay them the applicable minimum wage for all hours worked.

48. Accordingly, Plaintiffs and the members of the FLSA Collective Action are entitled to the difference between the wages paid by Defendants and the FLSA minimum wage as damages for Defendants' violations of the FLSA's minimum wage provisions.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

50. Plaintiffs and the members of the FLSA Collective Act seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

51. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

Case 1:16-cv-04815-JO   Document 1   Filed 08/29/16   Page 11 of 16 PageID #: 11

52. During the relevant time period, Plaintiffs and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

53. Despite the hours worked by Plaintiffs and the members of the FLSA Collective Action, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective Action appropriate overtime compensation.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

55. Plaintiffs and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(NYLL: Unpaid Minimum Wage)**

56. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

57. As outlined above, Defendants' pay practices failed to pay Plaintiffs and the members of the New York Class a minimum wage required by the NYLL.

58. Accordingly, Plaintiffs and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the wages paid by Defendants as damages for Defendants' violations of the NYLL and Minimum Wage Order's minimum wage provisions.

59. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the

members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

60. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

### FOURTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

61. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

62. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

63. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

64. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

65. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

### FIFTH CAUSE OF ACTION
### (NYLL: Unlawful Deductions)

66. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

67. During the relevant time period, as set forth above, Defendants unlawfully deducted portions of Plaintiffs' earned wages for purposes that were not for Plaintiffs' benefit and were outside the enumerated categories of permissible deductions from employee wages under NYLL § 193.

68. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

69. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

**SIXTH CAUSE OF ACTION**
**(NYLL: Failure to Furnish Wage Statements)**

70. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

71. During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

72. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class in the amount of $5,000 for each violation.

73. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### (On Behalf of Plaintiff Silva)
### (NYLL: Retaliation)

74. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

75. Plaintiff Silva engaged in a protected activity in July 2016 by complaining to Defendant Howard about Defendants' improper pay practices.

76. Defendants took adverse action against Mr. Silva by terminating his employment on or about July 25, 2016.

77. There is a clear causal nexus between Mr. Silva's protected activity and his termination, as Defendant Howard explained that he was terminating Mr. Silva in response to Mr. Silva's complaints about Defendants' pay practices.

78. Accordingly, Defendants retaliated against Plaintiff Silva for engaging in a protected activity in violation of Labor Law § 215.

79. Plaintiff Silva is therefore entitled to an award of damages to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment; an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff; and an award of punitive damages, each in amounts to be determined at trial, plus pre- and post-judgment interest, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

    A.    That the Court finds Defendants to have violated the provisions of the New York Labor Law as to Plaintiffs and the members of the New York Class;

    B.    That the Court finds Defendants to have violated the Fair Labor Standards Act as to Plaintiffs and the members of the FLSA Collective Action;

    C.    That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    D.    That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

    E.    That the Court determine that Defendants' violations were willful;

    F.    An award to Plaintiffs and the members of the FLSA Collective Action and New York Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

    G.    An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    H.    An award of liquidated damages pursuant to the NYLL;

    I.    An award to Plaintiff Silva of damages for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment; and an award of punitive damages;

    J.    That the Court find that Defendants must cease and desist from unlawful activities in violation of the FLSA and NYLL;

K.	An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

L.	Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: August 26, 2016
	New York, New York	Respectfully submitted,

	THE OTTINGER FIRM, P.C.

	By: _____
	Ariel Y. Graff
	401 Park Avenue South
	New York, New York 10016
	Telephone: (212) 571-2000
	Fax: (212) 571-0505
	ari@ottingerlaw.com

	*COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*